1  KEKER, VAN NEST & PETERS LLP
   R. JAMES SLAUGHTER - # 192813
2  rslaughter@keker.com
   SIMONA A. AGNOLUCCI - # 246943
3  sagnolucci@keker.com
   IAN A. KANIG - # 295623
4  ikanig@keker.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
6  Facsimile:    415 397 7188

7  Attorneys for Defendants
   TASKRABBIT, INC. and
8  IKEA DISTRIBUTION SERVICES, INC.

9

10                   UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                         WESTERN DIVISION

13

| | |
|---|---|
| JOHN-MICHAEL FINHOLT, in his individual and representative capacity,<br><br>              Plaintiff,<br><br>       v.<br><br>TASKRABBIT, INC., IKEA DISTRIBUTION SERVICES, INC. and DOES 1 through 10, inclusive,<br><br>              Defendants. | Civil Action No.:<br><br>**DECLARATION OF IAN A. KANIG IN SUPPORT OF DEFENDANTS TASKRABBIT, INC. AND IKEA DISTRIBUTION SERVICES, INC.'S NOTICE OF REMOVAL; AND (EXHIBITS A – F)**<br><br>Removed from the Superior Court for the State of California, County of Los Angeles, Case No. BC714161, Filed July 17, 2018<br><br>Removed pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).<br><br>Date Removed:       August 20, 2018 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION OF IAN A. KANIG**

2          I, Ian A. Kanig, declare as follows:

3          1.          I am an attorney licensed to practice law in the State of California and am an

4    associate at the law firm of Keker, Van Nest & Peters LLP, counsel for Defendants TaskRabbit,

5    Inc. ("TaskRabbit") and IKEA Distribution Services, Inc. ("IKEA Distribution") (together,

6    "Defendants").  I submit this declaration in support of Defendants' Notice of Removal pursuant to

7    28 U.S.C. § 1446(a).  I have personal knowledge of the facts set forth herein and, if called upon

8    as a witness, I could testify competently under oath thereto.

9          2.          Attached hereto as **Exhibit A** is a true and correct copy of the complaint that

10   Plaintiff John-Michael Finholt ("Plaintiff") filed against Defendants in the Superior Court of the

11   State of California for the County of Los Angeles, Case No. BC714161 ("State Court Action").

12         3.          Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's Civil Case

13   Cover Sheet that was filed in the State Court Action.

14         4.          Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's Summons

15   that was filed in the State Court Action.

16         5.          Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's Proof of

17   Service of Summons on TaskRabbit filed in the State Court Action.

18         6.          Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's Proof of

19   Service of Summons on IKEA Distribution filed in the State Court Action.

20         7.          Attached hereto as **Exhibit F** is a true and correct copy of the Notice of Case

21   Assignment was entered by the court in the State Court Action.

22         I declare under penalty of perjury under the laws of the United States of America that the

23   foregoing is true and correct and that this declaration was executed on August 20, 2018 at San

24   Francisco, California.

25

26   _____

     IAN A. KANIG

27

28

CIVIL ACTION NO.:
KANIG DECLARATION IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT A
# State Court Complaint


# Declaration of Ian A. Kanig in Support of Defendants' Notice of Removal

Dept. #  17  Assigned  Nelson

1    THE GRAVES FIRM
2    ALLEN GRAVES (SB#204580)
     allen@gravesfirm.com
3    JACQUELINE TREU (SB#247927)
     jacqueline@gravesfirm.com
4    JENNY YU (SB#253033)
     jennyyu@gravesfirm.com
5    122 N. Baldwin Ave., Main Floor
6    Sierra Madre, CA  91024
     Telephone: (626) 240-0575
7    Facsimile: (626) 737-7013
8
9    Attorneys for Plaintiff
     John-Michael Finholt
10
11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                        COUNTY OF LOS ANGELES

**FILED**
Superior Court of California
County of Los Angeles

**JUL 17 2018**

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
   Britny Smith

13   John-Michael Finholt, in his individual    CASE NO.: **BC 714161**
     and representative capacity,
14
15                     Plaintiff,              **CLASS ACTION COMPLAINT FOR:**
16        v.                                   1.  **Failure to Pay Overtime Wages;**
17   TaskRabbit, Inc., IKEA Distribution       2.  **Failure to Timely Pay Wages;**
     Services Inc. and DOES 1 through 10,      3.  **Failure to Pay Wages on Termination;**
18   inclusive,
                                               4.  **Failure to Provide an Accurate Itemized**
19                     Defendants.                 **Paystub;**
20                                             5.  **Failure to Provide Equipment or**
21                                                 **Reimburse Business Expenses;**
22                                             6.  **Conversion; and**
                                               7.  **Violation of Business and Professions**
23                                                 **Code §17200 _et seq._**
24
                                               **DEMAND FOR JURY TRIAL**
25
26
27
28

RECEIPT #: CCH612315021
DATE PAID: 07/17/18   02:03 PM
PAYMENT: $1,435.00
RECEIVED: 310
CK:          $0.00
CASH:        $0.00
CHANGE:      $0.00
             $1,435.00

CITY/CASE:
LEA/DEF#:   BC714161

_____
            CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff John-Michael Finholt ("Plaintiff") alleges as follows:

## INTRODUCTION

1.   In this Complaint, Plaintiff uses the term "Tasker" to refer to individuals employed by Defendants TaskRabbit, Inc. ("TaskRabbit") and IKEA Distribution Services Inc. ("IKEA") (collectively, "Defendants") whose primary job duties consist of completing tasks as part of the provision of home services that are TaskRabbit's primary business and assembling furniture as part of IKEA's primary business.

2.   Plaintiff brings this Complaint as a class action pursuant to California Code of Civil Procedure §382.  The class is defined as follows: each individual whom TaskRabbit has employed in California as a purported independent contractor to perform work requested by customers through the TaskRabbit website or mobile application at any time since the date four years prior to the filing of the instant case.

3.   The Furniture Assembly Subclass is defined as follows: each individual whom Defendants TaskRabbit or IKEA have employed California as a purported independent contractor to assemble IKEA Furniture at any time since the date four years prior to the filing of the instant case.

4.   Putative class members are generally referred to herein as "Taskers." Members of the Furniture Assembly Subclass are specifically referred to herein as "Furniture Assembly Taskers."

## THE PARTIES

5.   Plaintiff John-Michael Finholt ("Finholt" or "Plaintiff") is a citizen of the United States and a resident of Los Angeles County, California.

6.   From a time beginning prior to the filing of the instant complaint and continuing to the present day, TaskRabbit has employed Finholt to perform home services as part of the provision of home services that is TaskRabbit's primary business.

7.   TaskRabbit and IKEA jointly employ Taskers specifically to provide furniture assembly services to IKEA's customers.

-2-

8.      From prior to the filing of the instant complaint and continuing to the present day, IKEA and TaskRabbit have jointly employed Finholt to assemble IKEA furniture as part of the provision of home services that is TaskRabbit's primary business, and as part of the furniture retail operation that is IKEA's primary business.

9.      Defendant IKEA is a corporation organized under the laws of the State of Delaware with its principal place of business in Conshohocken, Pennsylvania.

10.     Defendant TaskRabbit is a wholly-owned subsidiary of Defendant IKEA and is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California.

11.     Plaintiff is currently unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues the Doe Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained.

12.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of the named Defendants and of each other; that the named Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the liability of the named Defendants as alleged herein.

13.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, all of the Defendants are and were a single or joint employer.

14.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, and/or employee of each of the other Defendants and, in connection with the matters hereinafter alleged, was acting within the scope of such agency and employment, and each Defendant ratified each and every act, omission and thing done by each and every other Defendant herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

15.     This Court has jurisdiction in this action because: Defendants committed violations of California law, including violations of the Wage Order, Labor Code and Business and Professions Code, that affected Plaintiff in this county; because one or more Defendants reside in this jurisdiction; and because service was effected on one or more Defendants while voluntarily present in California.

16.     Venue is proper under California Code of Civil Procedure §395.5, as this is a county where liability against Defendants arises.

## COMMON ALLEGATIONS

17.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 16 hereof, inclusive.

18.     TaskRabbit is a company whose primary business is providing home services to its customers.  Customers access TaskRabbit's service through a website or through an application installed on the customers' cell phone.

19.     TaskRabbit employs Taskers throughout the State of California.  Taskers receive work assignments from TaskRabbit through the application, and then provide the requested services to TaskRabbit's customers.  The work performed by Taskers is within the usual course of TaskRabbit's business.

20.     IKEA is a company whose primary business is furniture retail.  When customers request furniture assembly services from IKEA, IKEA provides these services through TaskRabbit and employs Taskers to perform the furniture assembly services requested by IKEA's customers.  The IKEA website specifically informs customers that "we've partnered with TaskRabbit to provide you with even more assembly options."

21.     The work performed by each member of the Furniture Assembly Subclass is within the usual course of IKEA's business.

22.     At all times relevant hereto, Defendants have engaged, suffered, or permitted the Taskers to work for Defendants.

-4-

23.    At all times relevant hereto, Defendants have maintained a uniform policy of classifying all Taskers as independent contractors rather than employees.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants' misclassification of Taskers as independent contractors is willful and done in order to deprive the Taskers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Taskers to be classified as employees.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime Premiums)

25.    Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 24 hereof, inclusive.

26.    Paragraph 3 of the applicable Wage Order and California Labor Code §510 require that Defendants pay each of their Taskers one and a half his or her regular rate of pay for any work in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours of work on the seventh day of a workweek.

27.    Defendants have a uniform policy of intentionally failing to pay the overtime premiums due to Taskers for overtime work.

28.    At all times relevant hereto, Defendants have acted willfully and deliberately with oppression, fraud and malice to deprive employees of overtime wages to which they are entitled.

## SECOND CAUSE OF ACTION
### (Failure to Timely Pay Wages)

29.    Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 28 hereof, inclusive.

30.    California Labor Code §204 requires that all wages are due and payable twice in each calendar month.

31.    Defendants violated Labor Code §204 by systematically refusing to pay overtime premium wages due to Taskers under the Wage Order.

-5-

**THIRD CAUSE OF ACTION**

**(Failure to Pay Wages on Termination)**

32.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 31 hereof, inclusive.

33.     Labor Code §§201 and 202 require that Defendants pay each Tasker all of the wages earned by that individual at the time of termination for an involuntary termination and within 72 hours of termination for a voluntary termination.

34.     At all times relevant hereto, Defendants have terminated Taskers who were entitled to overtime wages earned under the applicable Wage Order at the time that the Taskers' employment with Defendants ended.

35.     At all times relevant hereto, Taskers who were entitled to overtime wages earned under the applicable Wage Order have voluntarily quit their jobs.

36.     Defendants maintain a policy and practice of willfully refusing to pay any Tasker the overtime wages to which he or she is entitled under the Wage Order at any time after that Tasker's termination or resignation.


**FOURTH CAUSE OF ACTION**

**(Failure to Provide an Accurate Itemized Paystub)**

37.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 36 hereof, inclusive.

38.     At all times relevant hereto, Paragraph 7 of the applicable Wage Order has required that every employer shall semimonthly, or at the time of each payment of wages, furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer.

39.     California Labor Code §226(a) requires that each pay period Defendants must provide each Tasker with an itemized statement as required by the Wage Order.

40.   At all times relevant hereto, Defendants violated the Wage Order and Labor Code §226(a) by failing to provide Taskers with any itemized statement at all.

## FIFTH CAUSE OF ACTION

### (Failure to Provide Equipment or Reimburse Business Expenses)

41.   Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 40 hereof, inclusive.

42.   At all times relevant hereto, Paragraphs 8 and 9 of the applicable Wage Order have required that an employer provide its employees with any tools or equipment that are required by the employer or are necessary to the performance of the job.

43.   Defendants require every Tasker to use a cellular telephone or tablet device with a wireless data connection in order to send and receive information regarding the assignment and completion of services for Defendants' customers.

44.   During all times relevant hereto, Defendants maintained a uniform policy of refusing to provide cellular telephones or tablet devices to Taskers, despite the fact that this equipment is both required by Defendants and necessary to the performance of the job.

45.   During all times relevant hereto, Defendants maintained a uniform policy of refusing to reimburse Taskers for the cost of cellular telephones, tablet devices or wireless data connections, despite the fact that this equipment is both required by Defendants and necessary to the performance of the job.

## SIXTH CAUSE OF ACTION

### (Conversion)

46.   Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 45 hereof, inclusive.

47.   Defendants are guilty of the tort of conversion with regard to all wages and expense reimbursements that Defendants have withheld from their Taskers.

-7-

48.     At all times relevant herein, Defendants' Taskers had a vested property right to their wages earned.

49.     Defendants interfered with the Taskers' right to their wages by unlawfully withholding such wages and instead using such wages for Defendants' benefit.

50.     Taskers have suffered damage as a result of this interference, in that they have been deprived of possession and use of the wages legally owed to them.

51.     At all times described herein, Defendants have acted willfully and deliberately with oppression, fraud and malice to deprive its employees of the wages to which they are entitled.

## SEVENTH CAUSE OF ACTION

### (Violation of Business and Professions Code §17200 *et seq.*)

52.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 51 hereof, inclusive.

53.     The conduct described in the First through Sixth causes of action constitute unfair business practices.

54.     By deliberately misclassifying their Taskers as independent contractors, Defendants avoided substantial expenses and thereby enriched itself at the expense of the Taskers.

55.     Taskers have suffered injury in fact as a result of Defendants' aforementioned conduct, in the form of lost income and benefits, and privileges of employment.

## CLASS ACTION ALLEGATIONS

56.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 55 hereof, inclusive.

57.     Plaintiff is informed and believes, and thereon alleges, that Defendant TaskRabbit employs over 5,000 Taskers in California.  Plaintiff is informed and believes,

-8-

1  and thereon alleges, that Defendant TaskRabbit and Defendant IKEA jointly employ over
2  1,000 Furniture Assembly Taskers in California.

3       58.    Plaintiff is informed and believes, and thereon alleges, that Defendants
4  require all Taskers in California to agree to an identical form contract in order to work for
5  Defendants.  Defendants revise the contract from time to time, but at any given time, the
6  contract is identical with regard to all Taskers in California.

7       59.    Plaintiff is informed and believes, and thereon alleges, that all Taskers in
8  California have been subject to Defendant TaskRabbit's violations of the Wage Order,
9  Labor Code and California Business and Professions Code §17200 *et seq.*

10       60.    Plaintiff is informed and believes, and thereon alleges, that all Furniture
11  Assembly Taskers in California have been subject to Defendant TaskRabbit's and
12  Defendant IKEA's violations of the Wage Order, Labor Code and California Business and
13  Professions Code §17200 *et seq.*

14       61.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff has
15  been subject to the exact same violations of the Wage Order, Labor Code and California
16  Business and Professions Code described herein as all other California Taskers.

17       62.    Plaintiff has opted out of Defendants' arbitration program and is not subject
18  to any waiver of his right to bring a class action claim against Defendants.

19       63.    Plaintiff has agreed to fairly and adequately represent the rights of the class.

20       64.    Plaintiff has the means to fairly and adequately represent the rights of the
21  class.

22       65.    Plaintiff is informed and believes, and thereon alleges, that his claims are
23  typical of the class.

24       66.    Plaintiff is informed and believes, and thereon alleges, that common
25  questions of law and fact predominate with regard to all class claims.

26       67.    Plaintiff is informed and believes, and thereon alleges, that a class action is
27  superior to all other available means of resolving the class members' claims.

28

-9-

68.   Plaintiff is informed and believes, and thereon alleges, that treatment of the instant claims as a class action will accrue substantial benefits to the litigants, the class, the public, and the courts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants TaskRabbit and IKEA, and Does 1 through 10, inclusive, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.  For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;
2.  For damages according to proof;
3.  For restitution of unpaid wages;
4.  For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194 and California Code of Civil Procedure §1021.5;
5.  For interest pursuant to Labor Code §§218.6 and 1194, and Civil Code §3287; and
6.  For punitive damages.

**ON THE SECOND CAUSE OF ACTION:**

1.  For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;
2.  For the penalties described in Labor Code §210 for all violations set forth by this cause of action; and
3.  For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194 and California Code of Civil Procedure §1021.5.

-10-

1

**ON THE THIRD CAUSE OF ACTION:**

2      1. For temporary, preliminary and permanent injunctive relief against Defendants'

3         ongoing violations of the Wage Order;

4      2. For waiting time penalties pursuant to Labor Code §203; and

5      3. For attorney fees and costs reasonably incurred, in accordance with Labor

6         Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5.

7

8

**ON THE FOURTH CAUSE OF ACTION:**

9      1. For temporary, preliminary and permanent injunctive relief against Defendants'

10         ongoing violations of the Wage Order;

11      2. For penalties pursuant to Labor Code §226(e); and

12      3. For attorney fees and costs reasonably incurred, in accordance with Labor

13         Code §226(e) and California Code of Civil Procedure §1021.5.

14

15

**ON THE FIFTH CAUSE OF ACTION:**

16      1. For temporary, preliminary and permanent injunctive relief against Defendants'

17         ongoing violations of the Wage Order;

18      2. For damages according to proof;

19      3. For restitution of all expenses associated with tools or equipment that were

20         required by Defendants or necessary to performance of the Taskers' work for

21         Defendants;

22      4. For attorney fees and costs reasonably incurred, in accordance with Labor

23         Code §2802(c) and California Code of Civil Procedure §1021.5; and

24      5. For interest pursuant to Civil Code §3287.

25

26

**ON THE SIXTH CAUSE OF ACTION:**

27      1. For the value of the property converted;

28      2. For damages;

-11-

3. For interest pursuant to Civil Code §§3287 and 3336; and

4. For punitive damages.

**ON THE SEVENTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Labor Code as described herein;

2. For disgorgement of Defendants' ill-gotten gains and other relief that may be necessary to remedy Defendants' misconduct;

3. For restitution of payments unlawfully withheld;

4. For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5; and

5. For interest pursuant to Civil Code §3287.

**ON ALL CAUSES OF ACTION:**

1. For costs of suit, to the extent not otherwise prayed for above;

2. For attorney fees to the extent not otherwise prayed for above;

3. For interest on amounts recoverable; and

4. For such other and further relief as this Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial.

DATED:  July 17, 2018                    THE GRAVES FIRM

By: _____
ALLEN GRAVES
Attorney for Plaintiff
John-Michael Finholt

# EXHIBIT B
# State Court Civil Case Cover Sheet


# Declaration of Ian A. Kanig in Support of Defendants' Notice of Removal

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Allen Graves (SB#204580)<br>Jacqueline Treu (SB#247927)<br>122 N. Baldwin Ave., Main Floor<br>Sierra Madre, CA 91024 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUL 17 2018**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By____*Britty Smith*____ Deputy<br>Brittny Smith |
| TELEPHONE NO.: (626) 240-0575   FAX NO.: (626) 737-7013 | |
| ATTORNEY FOR *(Name)*: Plaintiff John-Michael Finholt | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | |
|---|---|
| STREET ADDRESS: 111 N. Hill Street | |
| MAILING ADDRESS: 111 N. Hill Street | |
| CITY AND ZIP CODE: Los Angeles, 90012 | |
| BRANCH NAME: Stanley Mosk | |

| CASE NAME:<br>Finholt v. TaskRabbit, Inc., et al. | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: **BC 714161** |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify)*: Seven

5. This case [✓] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 17, 2018

Allen Graves
_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Finholt v. TaskRabbit, Inc., et al. | CASE NUMBER BC 714161 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required in all new civil case filings in the Los Angeles Superior Court**

I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL __7__ ☐ HOURS/☑ DAYS.

II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to No. III, Pg. 4):

**1** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **1**, the Civil Case Cover Sheet case type you selected.

**2** Check **one** Superior Court type of action in Column **2** below which best describes the nature of this case.

**3** In Column **3**, circle the reason for the court location choice that applies to the type of action you have checked.

> **Applicable Reasons for Choosing Courthouse Location (See Column 3 below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central(Other county, or no Bodily Inj/Prop.Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**4** Fill in the information requested on page 4 in item III; complete item IV.  Sign the certificate.

| -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Dam./Wrongful Death <br> Is this an uninsured motorist case? ☐ Yes ☐ No | 1., 2., 4. |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestosis - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| Other PI/PD/WD (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | ☐ A7230  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | ☐ A7271  Negligent Infliction of Emotional Distress | 1., 2., 3. |
| | ☐ A7220  Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4. |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |

(Left margin labels: **Auto Tort**, **Other PI/PD/WD Tort**, **Non-PI/PD/WD Tort**)

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**   LASC Rule 2.0

CIV 109  04-02

Page 1 of 4

*www.accesslaw.com*

| SHORT TITLE: Finholt v. TaskRabbit, Inc., et al. | CASE NUMBER |
|---|---|

| **-1-** Civil Case Cover Sheet Category No. | **-2-** Type of Action (Check only one) | **-3-** Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Prof. Negligence (25)** | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Wrongful Termination (35)** | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty (06) (not insurance)** | ☐ A6004  Breach of Rental/Lease Contract (not UD or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff(no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009  Contractural Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Emnt Dom/Inv. Cond. (14)** | ☐ A7300  Eminent Domain/Condemnation  Number of parcels_____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property(not em. domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer- Commercial (31)** | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer- Residential (32)** | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer- Drugs (38)** | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration Award (11)** | ☐ A6115  Petition to Compel/Confirm Arbitration | 2., 5. |

Left margin labels: Non-PI/PD/WD Tort · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**  LASC Rule 2.0

| SHORT TITLE: Finholt v. TaskRabbit, Inc., et al. | CASE NUMBER |
|---|---|

| -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Writ of Mandate**<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Oth. Jud. Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| Antitrust/Trade Reg. (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Securities LItlg. (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Tox. Tort/Envronm (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Ins Covrage Clms from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment**<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| **Other Complaints (Not Specified Above)**<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership/Corp. Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| **Other Petitions (Not Specified Above)**<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9<br>2., 3., 9<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

*Left margin labels (top to bottom):* Judicial Review (Cont'd.) | Provisionally Complex Litig. | Enforcement of Judgment | Misc. Civ. Cmplts | Misc. Civil Petitions

| SHORT TITLE: Finholt v. TaskRabbit, Inc., et al. | CASE NUMBER |
|---|---|

**-4-**

III. Statement of Location: Enter the address of the accident, party residence or place of business, performance, or other circumstance indicated in No. II., item **3** on Page 1 as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER ITEM -3- WHICH APPLIES IN THIS CASE ☑1.☐2.☐3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | ADDRESS: |
|---|---|
| CITY: Pasadena, CA | STATE: CA | ZIP CODE: 91106 | |

IV. Certificate/Declaration of Assignment: The undersigned hereby certifies and declares that the above entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Los Angeles Superior Court under Section 392 et seq., Code of Civil Procedure and Rule 2(b), (c) and (d) of this court for the reason checked above. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on_____July 17, 2018_____at,_____Sierra Madre_____California.
(date)                    (city)

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

# New Civil Case Filing Instructions

This addendum form is required so that the court can assign your case to the correct courthouse location in the proper district for filing and hearing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the courthouse location, as set forth in Los Angeles Superior Court Local Rule 2.0. It must be completed and submitted to the court along with the Civil Case Cover Sheet and the original Complaint or Petition in ALL civil cases filed in any district (including the Central District) of the Los Angeles County Superior Court. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk (Summons forms available at the Forms Counter.).

3. Civil Case Cover Sheet form required by California Rule of Court 982.2(b)(1), completely filled out (Cover Sheet forms available at the Forms Counter).

4. This "Addendum to Civil Case Cover Sheet" form [Superior Court Form Number 982.2(b)(1)A, revised 7/99], completely filled out (Item II. does not apply in limited civil cases) and submitted with the Civil Case Cover Sheet.*

5. Payment in full of the filing fee (unless filing on behalf of state or local government or no fee is due for the type of case being filed) or an Order of the Court waiving payment of filing fees in forma pauperis (fee waiver application forms available at the Filing Window)

6. In case of a plaintiff or petitioner who is a minor under 18 years of age, an Order of the Court appointing an adult as a guardian ad litem to act on behalf of the minor (Guardian ad Litem Application and Order forms available at the Forms Counter).

7. Additional copies of documents presented for endorsement by the Clerk and return to you.

* With the exception of unlimited civil cases concerning property damage, bodily injury or wrongful death occurring in this County, Labor Commissioner Appeals, and those types of actions required to be filed in the Central District by Local Court Rule 2(b), all unlimited jurisdiction civil actions may be optionally filed either in the Central District or in whichever other court location the rule would allow them to be filed. When a party elects to file an unlimited jurisdiction civil action in Central District that would also be eligible for filing in one or more of the other court locations, this form must still be submitted with location and assignment information completed.

# EXHIBIT C
# State Court Summons

# Declaration of Ian A. Kanig in Support of Defendants' Notice of Removal

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>TaskRabbit, Inc., IKEA Distribution Services Inc. and DOES 1 through 10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>John-Michael Finholt, in his individual and representative capacity, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUL 17 2018**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _Britny Smith_ , Deputy<br>Britny Smith |

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.<br><br>   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.<br>   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.<br>   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*<br>   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*<br>   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.* |

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Stanley Mosk<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso)* **BC 714161** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Allen Graves; The Graves Firm; 122 N. Baldwin Ave., Main Floor, Sierra Madre, CA 91024; 626-240-0575

| | | | |
|---|---|---|---|
| DATE: **JUL 17 2018**<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by _Britny Smith_<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  TaskRabbit, Inc., IKEA Distribution Services Inc. and DOES 1 through 10, inclusive
   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

# EXHIBIT D
# State Court Proof of Service of Summons on Defendant TaskRabbit, Inc.


# Declaration of Ian A. Kanig in Support of Defendants' Notice of Removal

| | |
|---|---|
| **Attorney or Party without Attorney:**<br>THE GRAVES FIRM<br>ALLEN GRAVES (SB#204580)<br>122 N. Baldwin Ave., Main Floor<br>Sierra Madre, CA 91024<br>   *Telephone No:* (626) 240-0575<br><br>   *Attorney For:* Plaintiff | **For Court Use Only**<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUL 25 2018**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____ *Brittny Smith* _____ Deputy<br>       Brittny Smith |

*Ref. No. or File No.:*

**Insert name of Court, and Judicial District and Branch Court:**
SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

*Plaintiff:* JOHN-MICHAEL FINHOLT, etc.
*Defendant:* TASKRABBIT, INC., etc. et al.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:*<br>SSC-**17** | **Case Number:**<br>BC714161 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location), Notice of Case Assignment- Unlimited Civil - Class Action/Complex, Voluntary Efficient Litigation Stipulations; Stipulation-Discovery Resolution; Stipulation-Early Organizational Meeting; Informal Discovery Conference; Stipulation And Order-Motions In Limine; Alternative Dispute Resolution (ADR) Information Packet, Notice of Posting Jury Fees

3. *a.* *Party served:* TaskRabbit, Inc.
   *b.* *Person served:* Danielle Merida, Agent for Service of Process

4. *Address where the party was served:* 425 2nd St., 5th Floor, San Francisco, CA 94107

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, Jul 19 2018 at: 04:25 PM
   (1) [X] (business)
   (2) [ ] (home)
   (3) [ ] (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: TaskRabbit, Inc.
   under the following Code of Civil Procedure section:
   
   | | |
   |---|---|
   | [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
   | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
   | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
   | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
   | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
   | [ ] other: | |

| | | |
|---|---|---|
| **FL**<br>FIRSTLEGAL | Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE SUMMONS** | *2473241*<br>*(3691376)*<br>Page 1 of 2 |

| Attorney or Party without Attorney:<br>THE GRAVES FIRM<br>ALLEN GRAVES (SB#204580)<br>122 N. Baldwin Ave., Main Floor<br>Sierra Madre, CA 91024<br>  Telephone No:  (626) 240-0575 | | | For Court Use Only |
|---|---|---|---|
| Attorney For:   Plaintiff | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES | | | |
| Plaintiff:  JOHN-MICHAEL FINHOLT, etc.<br>Defendant:  TASKRABBIT, INC., etc. et al. | | | |

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC714161 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
  a.  Name:              David Cipres
  b.  Address:           **FIRST LEGAL**
                         1517 W. Beverly Blvd.
                         LOS ANGELES, CA 90026
  c.  Telephone number:  (213) 250-1111
  d.  **The fee** for service was:
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server:
      (i)   ☐ owner  ☐ employee  ☒ independent contractor
      (ii)  Registration No:  2015-00013398
      (iii) County:  San Francisco

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 07/23/2018 | |
|---|---|
| *(Date)* | *(Signature)* |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

2473241
(3691376)

# EXHIBIT E
# State Court Proof of Service of Summons on Defendant IKEA Distribution Services, Inc.


# Declaration of Ian A. Kanig in Support of Defendants' Notice of Removal

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Allen Graves (SB#204580)
Jacqueline Treu (SB#247927)
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA 91024
TELEPHONE NO.: 626-240-0575     FAX NO. *(Optional):* 626-737-7013
E-MAIL ADDRESS *(Optional):* allen@gravesfirm.com
ATTORNEY FOR *(Name):* Plaintiff John-Michael Finholt

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

**JUL 25 2018**

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
Brittny Smith

PLAINTIFF/PETITIONER: John-Michael Finholt

DEFENDANT/RESPONDENT: TaskRabbit, Inc., et al.

CASE NUMBER:
BC714161     SSC-17

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Civil Case Coversheet Addendum, Notice of Case Assignment, Notice of Posting Jury Fees

3. a. Party served *(specify name of party as shown on documents served):*
   **Ikea Distribution Services Inc.**

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CT Corporation System, Registered Agent for Ikea Distribution Services Inc.**

4. Address where the party was served:
   **818 Seventh Street, Suite 930, Los Angeles, CA 90017**

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7/19/18 (2) at *(time):* 2:55 pm

   b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

07/27/2018

| PLAINTIFF/PETITIONER: John-Michael Finholt | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TaskRabbit, Inc., et al. | BC714161 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Ikea Distribution Services Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Douglas Forrest
  b. Address: 1517 W Beverly Blvd, Los Angeles, CA 90026
  c. Telephone number: (213) 250-1111
  d. **The fee** for service was: $ 122.90
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner ☐ employee ☒ independent contractor.
      (ii) Registration No.: 5141
      (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and I** certify that the foregoing is true and correct.

Date: 7/20/18

▶

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE )

07/27/2018

# EXHIBIT F
# State Court Notice of Case Assignment

# Declaration of Ian A. Kanig in Support of Defendants' Notice of Removal

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL – CLASS ACTION/COMPLEX**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**JUL 17 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By _Betty Smith_ Deputy
Betty Smith

CASE NUMBER:
**BC 714161**

Your case is assigned for all purposes to the judicial officer indicated below.

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 6 | 211 | | | | |
| Hon. William F. Highberger | 10 | 10 | | | | |
| Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| Hon. Kenneth Freeman | 14 | 14 | | | | |
| Hon. Ann Jones | 11 | 11 | | | | |
| Hon. Maren E. Nelson | 17 | 17 | | | | |
| Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | *Provisional complex (non-class action) case assignment pending complex determination | 14 | Supervising Judge 14 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _JUL 17 2018_

LACIV 190 (Rev 12/17)
LASC Approved 05/06

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _Betty Smith_ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐      Request for Informal Discovery Conference
   ☐      Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.**
  Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221